UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV 11-8505 CAS (CWx) | Date | November 16, 2011 |
|---|---|---|---|
| Title | KIMBERLY SUDOLSKY v. TORRANCE MEMORIAL MEDICAL CENTER, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:** **DEFENDANTS' MOTION TO STRIKE** (filed 10/20/2011)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The hearing scheduled for November 21, 2011 is hereby vacated.

## I.    INTRODUCTION & BACKGROUND

On August 23, 2011, Kimberly Sudolsky ("plaintiff") filed the instant action in Los Angeles Superior Court against Torrance Memorial Medical Center ("Torrance Memorial"), Lynda Stoodly ("Stoodly") and DOES 1–50, (collectively, "defendants"). Plaintiff, a nurse, was formerly employed by Torrance Memorial and directly supervised by Stoodley. Complaint ¶ 2. Plaintiff suffers from irritable bowel syndrome ("IBS"), which caused plaintiff to miss work. Id. ¶ 3. Plaintiff alleges that Stoodly harassed her due to her IBS and related absences. Id. ¶¶ 5–6. Specifically, plaintiff alleges that defendants violated the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq., in the following ways: (1) discrimination due to disability; (2) harassment due to disability; (3) retaliation due to disability; (4) failure to accommodate; and (5) failure to engage in the interactive process. Additionally, plaintiff alleges defendants interfered with and failed to provide her leave in violation of the California Family Rights Act ("CFRA"), Cal. Gov. Code § 12945, and Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and wrongfully terminated her in violation of public policy. In addition to other remedies, plaintiff seeks punitive and exemplary damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8505 CAS (CWx) | Date | November 16, 2011 |
|---|---|---|---|
| Title | KIMBERLY SUDOLSKY v. TORRANCE MEMORIAL MEDICAL CENTER, ET AL. | | |

Pursuant to Fed. R. Civ. P. 12(f), on October 20, 2011, defendants filed the instant motion to strike each and every allegation pertaining to punitive and/or exemplary damages from the Complaint. Mot. at 1. On October 31, 2011, plaintiff filed her opposition and, on November 7, 2011, defendants replied. Defendants' motion is presently before the Court.

**II.    LEGAL STANDARD**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

**III.   DISCUSSION**

Defendants argue that plaintiff does not have a viable claim for punitive damages against Torrance Memorial, a corporate employer, under California law. Id. at 2. Specifically, defendants contend that an employer is liable for punitive damages only where "advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Id. (citing Cal. Civ. Code § 3294). According to defendants, plaintiff has failed to allege facts sufficient to establish conduct by an "officer, director or managing agent" as required by Cal. Civ. Code § 3294 because Stoodley, though plaintiff's supervisor, is not a person in the "corporate control group." Id. at 3 (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8505 CAS (CWx) | Date | November 16, 2011 |
|---|---|---|---|
| Title | KIMBERLY SUDOLSKY v. TORRANCE MEMORIAL MEDICAL CENTER, ET AL. | | |

Cruz v. HomeBase, 83 Cal.App.4th 160, 166 (Cal. Ct. App. 2000) for the proposition that the term "managing agent" does not refer to a supervisor, but to a person in the "corporate control group").  Moreover defendants maintain that plaintiff has failed to allege facts showing that Stoodley acted with fraud, oppression or malice.  Id. at 4  (citing Richardson v. Employers Liab. Assur. Corp., 25 Cal.App.3d 232, 245–6 (Cal. Ct. App 1972) (overruled on other grounds) in which the court defined "malice" as a "wrongful intent to vex or annoy" and "oppression" as "subjecting a person to cruel and unjust hardship in conscious disregard of his rights").

     Plaintiff responds that she has alleged sufficient facts to support punitive damages.  Opp. at 2.  Plaintiff notes that she has alleged facts establishing Stoodley is a manager, officer and/or agent who acted with oppression, fraud and/or malice.  Id.  (citing Complaint ¶¶ 49, 59, 66, 77, 85).  Plaintiff further argues that Federal Rules of Civil Procedure 8(a) and 9(a) permit conclusory pleading to support malice, intent, knowledge and other conditions of the mind.  Id. at 5 (citing K.L. Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406 (C.D. Cal. 2005) in which the court held that a short and plain prayer for punitive damages that relies entirely on unsupported and conclusory adverments of malice or fraud is sufficient).  Finally, plaintiff argues that defendants' motion to strike rests on issues of fact and, thus, cannot be resolved at this stage.  Id. at 5–6.

     Defendants' motion to strike must be denied.  In reaching this decision, the Court finds defendants' arguments unavailing.  As an initial matter, motions to strike pursuant to Rule 12(f) are disfavored.  Bureerong, 922 F. Supp. at 1478.  Next, defendants have failed to show plaintiff's claim for punitive damages cannot be asserted under California law.  A corporate entity may be liable where an officer, director or managing agent acts or ratifies oppression, fraud, or malice.  Cal. Civ. Code § 3294.  The Court finds that there are sufficient allegations in the Complaint regarding Stoodley's status as a manager and whether or not she acted with oppression, fraud, or malice to allege a claim for punitive damages.  For instance, plaintiff alleges that her supervisor, Stoodley, "was a manager, officer, and/or agent of defendant" Torrance Memorial and that Stoodley's conduct was "fraudulent, malicious, [and] oppressive." Compl. ¶¶ 49, 59.  Thus, defendants have not shown that plaintiff has alleged facts "redundant, immaterial, impertinent or scandalous."  Fed. R. Civ. P. 12(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 11-8505 CAS (CWx) | Date | November 16, 2011 |
|---|---|---|---|
| Title | KIMBERLY SUDOLSKY v. TORRANCE MEMORIAL MEDICAL CENTER, ET AL. | | |

////
////

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion to strike pursuant to Fed. R. Civ. P. 12(f).

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | RS | | |